1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JERMAINE FOX,

11                Petitioner,              No. CIV S-08-1813 FCD EFB P

12        vs.

13   D. K. SISTO, Warden,

14                Respondent.             FINDINGS AND RECOMMENDATIONS

15   _____/

16        Petitioner is a state prisoner proceeding *in propria persona* with a petition for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges the decision of the California Board

18   of Parole Hearings (hereinafter "Board") to deny him parole at a parole consideration hearing

19   held on July 19, 2007.  He claims that the Board's 2007 decision finding him unsuitable for

20   parole violated his federal right to due process.

21        As discussed below, the United States Supreme Court has held that the only inquiry on

22   federal habeas review of a denial of parole is whether the petitioner has received "fair

23   procedures" for vindication of the liberty interest in parole given by the state.  *Swarthout v.*

24   *Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011).  In the context

25   of a California parole suitability hearing, a petitioner receives adequate process when he/she is

26   allowed an opportunity to be heard and a statement of the reasons why parole was denied.  *Id.* at

1

**2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"); *see also Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 16 (1979).  For the reasons that follow, applying this standard here requires that the petition for writ of habeas corpus be denied.

**I.  Procedural Background**

Petitioner is confined pursuant to a 1991 judgment of conviction entered against him in the San Joaquin County Superior Court following his conviction on charges of second degree murder, assault with a firearm, and shooting into an inhabited dwelling.  Pet. at 1.[1]  Pursuant to that conviction, petitioner was sentenced to fifteen years to life in state prison.  *Id.*

The parole consideration hearing that is placed at issue by the instant petition was held on July 19, 2007.  *Id.* at 65.  Petitioner appeared at and participated in the hearing.  *Id.* at 69-117.  Following deliberations held at the conclusion of the hearing, the Board panel announced their decision to deny petitioner parole for two years and the reasons for that decision.  *Id.* at 121-32.

Petitioner challenged the Board's 2007 decision in a petition for writ of habeas corpus filed in the San Joaquin County Superior Court.  Answer, Ex. 1.  The Superior Court denied that petition in a decision on the merits of petitioner's claims.  *Id.*  Petitioner subsequently challenged the Board's 2007 decision in a petition for writ of habeas corpus filed in the California Court of Appeal and a petition for review filed in the California Supreme Court.  Answer, Exs. 2, 4.  Those petitions were summarily denied.  Answer, Exs. 3, 5.

**II.  Petitioner's Claim**

Petitioner claims that the Board's 2007 decision finding him unsuitable for parole violated his right to due process because it was "not supported by 'some evidence' nor was there a rational link or nexus between the conclusion reached and the evidence cited . . . making the

---

[1]  Page number citations such as these are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1  Parole Board's decision arbitrary and capricious, violative of the petitioner's right to Due

2  Process." Pet. at 19.

3  **III.  Analysis**

4    The due process clause of the Fourteenth Amendment prohibits state action that deprives

5  a person of life, liberty, or property without due process of law.  A litigant alleging a due process

6  violation must first demonstrate that he was deprived of a liberty or property interest protected

7  by the due process clause and then show that the procedures attendant upon the deprivation were

8  not constitutionally sufficient.  *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 459-

9  60 (1989).

10    A protected liberty interest may arise from either the due process clause of the United

11  States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

12  expectation or interest created by state laws or policies."  *Wilkinson v. Austin*,  545 U.S. 209, 221

13  (2005) (citations omitted).  *See also Board of Pardons v. Allen,* 482 U.S. 369, 373 (1987).  The

14  United States Constitution does not, of its own force, create a protected liberty interest in a

15  parole date, even one that has been set.  *Jago v. Van Curen,* 454 U.S. 14, 17-21 (1981);

16  *Greenholtz*, 442 U.S. at 7 (There is "no constitutional or inherent right of a convicted person to

17  be conditionally released before the expiration of a valid sentence."); *see also Hayward v.*

18  *Marshall*, 603 F.3d 546, 561 (9th Cir. 2010) (en banc).  However, "a state's statutory scheme, if

19  it uses mandatory language, 'creates a presumption that parole release will be granted' when or

20  unless certain designated findings are made, and thereby gives rise to a constitutional liberty

21  interest."  *Greenholtz*, 442 U.S. at 12).  *See also Allen*, 482 U.S. at 376-78;

22    California's parole scheme[2] gives rise to a liberty interest in parole protected by the

23  federal due process clause.  *Swarthout v. Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL

24

25     [2]  In California, a prisoner is entitled to release on parole unless there is "some evidence"

26  of his or her current dangerousness.  *In re Lawrence*, 44 Cal.4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002).

1   197627, at *2 (Jan. 24, 2011) (per curiam).   However, the United States Supreme Court has held

2   that correct application of California's "some evidence" standard is not required by the federal

3   due process clause.  *Swarthout*, 2011 WL 197627, at *2.  Rather, this court's review is limited to

4   the narrow question of whether the petitioner has received adequate process for seeking parole.

5   *Id.*  at *3 ("Because the only federal right at issue is procedural, the relevant inquiry is what

6   process [petitioner] received, not whether the state court decided the case correctly.").  Adequate

7   process is provided when the inmate is allowed a meaningful opportunity to be heard and a

8   statement of the reasons why parole was denied.  *Id.* at **2-3 (federal due process satisfied

9   where petitioners were "allowed to speak at their parole hearings and to contest the evidence

10  against them, were afforded access to their records in advance, and were notified as to the

11  reasons why parole was denied"); *see also Greenholtz*, 442 U.S. at 16.

12       Here, the record reflects that petitioner was present at the 2007 parole hearing, that he

13  participated in the hearing, and that he was provided with the reasons for the Board's decision to

14  deny parole.  Pursuant to *Swarthout*, this is all that due process requires.  Accordingly,

15  petitioner's application for a writ of habeas corpus should be denied.

16  **IV.  Conclusion**

17       IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas

18  corpus be denied.

19       These findings and recommendations are submitted to the United States District Judge

20  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

21  after being served with these findings and recommendations, any party may file written

22  objections with the court and serve a copy on all parties.  Such a document should be captioned

23  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

24  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

25  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

26  ////

4

1    In any objections he elects to file, petitioner may address whether a certificate of

2    appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule

3    11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

4    certificate of appealability when it enters a final order adverse to the applicant); *Hayward v.*

5    *Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of

6    appealability to review the denial of a habeas petition challenging an administrative decision

7    such as the denial of parole by the parole board).

8    DATED:  February 8, 2011.

9

10                                                      EDMUND F. BRENNAN
                                                        UNITED STATES MAGISTRATE JUDGE

5